FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 28, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICAH S.[1], <br><br> Plaintiff, <br><br> v. <br><br> FRANK BISIGNANO Commissioner of SS, <br><br> Defendant. | NO. 2:25-CV-0176-TOR <br><br> ORDER OF REVERSAL AND REMAND |

BEFORE THE COURT is Plaintiff's Motion for judicial review of Defendant's denial of his application for Title II and Title XVI under the Social Security Act (ECF No. 7). This matter was submitted for consideration without oral argument. The Court has reviewed the record and files herein and is fully informed. For the reasons discussed below, the Commissioner's denial of Plaintiff's benefits under Title II and Title XVI of the Social Security Act is

---

[1] Plaintiff's name is protected for privacy reasons.

ORDER OF REVERSAL AND REMAND~ 1

REVERSED and REMANDED for further proceedings.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g), 1383(C)(3).

## STANDARD OF REVIEW

The Court will affirm the Commissioner's decision to deny benefits unless it "'is not supported by substantial evidence or is based on legal error.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)) (internal quotations omitted). It is the administrative law judge's (ALJ) job to "'determine credibility, resolve conflicts in the testimony, and resolve ambiguities in the record.'" *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)). On that note, it is important for the ALJ to provide sufficient reasons for the court to review the basis of an administrative order and where the record discloses that. *Lambert*, 980 F.3d at 1277 (9th Cir. 2020) (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014)).

The Court reviews the agency's findings to determine whether they are supported with substantial evidence. *Biestek v. Berryhill*, 587 U.S. 97, 99 (2019); 42 U.S.C. § 405(g). In this context, the threshold is not high. *Biestek*, 587 U.S. at

ORDER OF REVERSAL AND REMAND~ 2

103.  Substantial evidence is present when there is "'more than a mere scintilla.'" *Biestek*, 587 U.S. at 103.  In other words, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek*, 587 U.S. at 103 (quoting *Consol. Edison Co. of New York v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

## FIVE STEP SEQUENTIAL PROCESS

The Commissioner uses a five-step sequential process to decide whether a claimant is considered disabled.  20 C.F.R. §§ 404.1520(a)(1); 416.920(a)(1).  The Commissioner considers all evidence in the record to make this determination.  20 C.F.R. §§ 404.1520(a)(3); 416.920(a)(3).  Disability is defined "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  20 C.F.R. §§ 416.905(a); 404.1505(a).  This requires a severe impairment that makes the claimant unable to complete the claimant's past relevant work or any other substantial gainful work.  20 C.F.R. §§ 404.1505(a); 416.905(a).

At each step, the Commissioner may find a claimant either not disabled or disabled.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).  If the claimant is found disabled then the process stops and the determination is made.  20 C.F.R. §§ 404.1520(a)(4); 416.920(a)(4).  However, step three to four, the Commissioner assesses residual function capacity ("RFC").  *Id.*  Then steps four and five the

Commissioner evaluates the claimant's claim. *Id.*

At step one, the Commissioner considers the claimant's work activity and if the Commissioner decides that the claimant is doing substantial gainful activity, then the Commissioner will find the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i); 416.920(a)(4)(i). Substantial gainful activity is both substantial and gainful work activity. 20 C.F.R. § 404.1572. Substantial work activity means "doing significant physical or mental activities" and may be done on a part-time basis, with less pay, or less responsibility than before. 20 C.F.R. §§ 404.1572(a); 416.972(a). Gainful work activity is work done for pay or profit even if the profit is not realized. 20 C.F.R. §§ 404.1572(b); 416.972(b). Put together, "Substantial gainful activity means work that—(a) [i]nvolves doing significant and productive physical or mental duties; and (b) [i]s done (or intended) for pay or profit." 20 C.F.R. §§ 404.1510; 416.910.

At step two, the Commissioner considers the claimant's medical severity of the claimant's impairment(s). 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii). If the claimant does not have either a physical or mental impairment that is severely medically determinable, or a combination of impairments satisfying the requirements the Commissioner will deem the claimant as not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii); 416.920(a)(4)(ii).

At step three, the Commissioner continues to consider the claimant's

medical severity of claimant's impairment. 20 C.F.R. §§ 404.1520(a)(4)(iii); 416.920(a)(4)(iii). If the claimant falls under one of the listings in appendix 1 and fulfills this subpart and the durational requirement, then the Commissioner will determine the claimant as disabled. 20 C.F.R. § 404.1520(a)(4)(iii).

At step four, the Commissioner shifts to address the claimant's RFC and work experience to see whether the claimant can make an adjustment to other work. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv). If the Commissioner decides that the claimant can still complete past relevant work, then the Commissioner rules the claimant as not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

At step five, the Commissioner continues to review the claimant's residual functional capacity with the claimant's age, education and work experience to settle on any possible adjustments to other work. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v). If this is possible, then the Commissioner will rule that the claimant is not disabled. However, if the Commissioner establishes the opposite, then the claimant is deemed as disabled. 20 C.F.R. §§ 404.1520(a)(4)(v); 416.920(a)(4)(v).

Once a claimant proves that: "'(1) that she is not presently engaged in a substantial gainful activity; (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the

ORDER OF REVERSAL AND REMAND~ 5

regulations'", then the claimant must be found disabled. *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007) (quoting *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir. 2002)). However, if the stated impairment does not meet the requirement listed in the regulations, the claimant may "'still establish a prima facie case of disability by proving at step four that "in addition to the first two requirements, ... she is not able to perform any work that she has done in the past."'" *Hoopai*, 499 F.3d at 1074 (quoting *Barnhart,* 278 F.3d at 955). After the claimant establishes their prima facie case at step five, the burden shifts to the agency to prove that "'the claimant can perform a significant number of other jobs in the national economy." *Hoopai*, 499 F.3d at 1074–75 (quoting *Barnhart,* 278 F.3d at 955).

## ALJ FINDINGS

In April 2022, Plaintiff applied for disability insurance benefits under Title II and supplemental security income disability benefits under Title XVI of the Social Security Act ("SSA"). Tr. 18. Plaintiff claimed he could not work starting April 26, 2021. Tr. 18. Plaintiff claims this is due to impairments including attention deficit hyperactivity disorder ("ADHD"), autism, vestibular neuronitis, generalized anxiety disorder, agoraphobia, and major depressive disorder. Tr. 18, 21. During a telephonic hearing with the ALJ, Plaintiff and a vocational expert testified to the impairments. Tr. 18, 21-26. Plaintiff filed for review of the decision, but the Appeals Council denied this and finalized the decision of the

ORDER OF REVERSAL AND REMAND~ 6

Commissioner. Tr. 18.

After considering the entire record, the ALJ found that the claimant met the insured status requirements under the Social Security Act through March 31, 2024, and, in step one, had not engaged in substantial gainful activity since April 26, 2021. Tr. 20. At step two, the ALJ found that Plaintiff had vestibular dysfunction, obesity, autism, ADHD, and cannabis dependence as severe impairments. Tr. 20. These impairments limit Plaintiff's performance of basic work activities. Tr. 21.

However, at step three, the ALJ found that these impairments or combination of the same did not meet the severity of one of the listed impairments. Tr. 21. The ALJ considered 2.07 because of Plaintiff's vestibular dysfunction, however, these requirements under 2.07 were not met or equaled. Tr. 21. The ALJ agreed that Plaintiff's impairments caused significant work-related limitations but instead found Plaintiff's symptoms to cause less limitations than Plaintiff suggested. ECF No. 9 at 2; Tr. 22-23.

Regarding step four, the ALJ found that claimant did not have any past relevant work. Tr. 26. The ALJ found that the claimant has the RFC to perform light work. Tr. 22. However, the claimant requires that he alternates between standing and sitting every thirty minutes and cannot perform specific movement functions. Tr. 22-23. Furthermore, claimant requires a low-stress work environment with low interactions and no use of dangerous machinery. Tr. 23.

ORDER OF REVERSAL AND REMAND~ 7

1    The ALJ considered the opinions of Mark Schillios, consultative examiner, and the State agency consultants but found them mostly unpersuasive. Tr. 25-26. Schillios's opinion stated that the claimant did not have as great of limitations as the claimant testified to regarding his history of vestibular dysfunction and vertigo. Tr. 25. Specifically, that the claimant did have a limitation "in sitting, standing, walking, lifting, or carrying; may need an assistive device if having an acute vertigo attack." Tr. 25. Additionally, Schillios added that claimant "had no limitation on stooping, kneeling, crouching, or crawling, could occasionally climb and balance, had no manipulative limitation, was limited in working around excessive noise, and on working at heights or around heavy machinery." Tr. 25. Compared to the "claimant's history of vestibular dysfunction and vertigo, which are consistent with greater exertional, postural, and environmental limitations." Tr. 25.

Finally, the ALJ found that considering all the necessary factors and parts of the five-step analysis, there are existing jobs with significant numbers in the national economy that claimant may perform. Tr. 27. The ALJ found "that the claimant has been able to perform a range of light work, subject to the above physical and mental limitations, since the claimant's alleged onset date of April 26, 2021." Tr. 27. Accordingly, the ALJ found that claimant was not under a disability, as defined under the SSA, from April 26, 2021, to June 28, 2024. Tr.

ORDER OF REVERSAL AND REMAND~ 8

28.

Plaintiff requests the Court to reverse the ALJ's decision and remand for additional administrative proceedings. ECF No. 9 at 2. Additionally, Plaintiff requests the Court to include instructions to update the record, and reconsider Plaintiff's testimony of symptoms and limitations and medical opinions regarding the necessity of the cane as an assistive device. ECF No. 9 at 2.

## ISSUES

Plaintiff assigns two issues to the Commissioner's denial of Plaintiff's Social Security benefits under Title II and Title XVII. ECF No. 7 at 1-2.

I. Whether the ALJ rejected Plaintiff's statement about his symptoms and limitations from vestibular dysfunction without stating specific, clear and convincing reasons for the ALJ's denial.

II. Whether the ALJ improperly rejected the opinion of consultative examiner Marc Schillios, A.R.N.P., regarding Plaintiff's need for a cane or other assistive device during acute vestibular dysfunction attacks.

ECF No. 7 at 1-2.

## DISCUSSION

**I.    The ALJ erred when he failed to provide specific, clear and convincing reasons for the ALJ's denial and rejection of Plaintiff's testimony regarding his vestibular dysfunction.**

"In deciding whether to accept a claimant's subjective symptom testimony, an ALJ must perform two stages of analysis: the *Cotton* analysis and an analysis of the credibility of the claimant's testimony regarding the severity of [his] symptoms." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996). There are two components under the *Cotton* test: "(1) [the claimant] must produce objective medical evidence of an impairment or impairments; and (2) [the claimant] must show that the impairment or combination of impairments *could reasonably be expected to* (not that it did in fact) produce some degree of symptom." *Smolen*, 80 F.3d at 1282.

Component one, requires "only that the causal relationship be a reasonable inference, not a medically proven phenomenon." *Smolen*, 80 F.3d at 1282. Component two, requires claimant to show that the impairment "could reasonably have caused some degree of the symptom" not the severity. *Id.* Additionally, under *Cotton*, the ALJ shall "not reject subjective symptom testimony … because there is no showing that the impairment can reasonably produce the *degree* of symptom alleged." *Smolen*, 80 F.3d at 1282.

Determining the credibility of a claimant's testimony about the severity of symptoms allows considerations including things such as:

> (1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony by the claimant that appears less than candid; (2) unexplained or inadequately explained failure to

ORDER OF REVERSAL AND REMAND~ 10

    seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities.

*Smolen*, 80 F.3d at 1284.

  The ALJ "'determines that a claimant for Social Security benefits is not malingering and has provided objective medical evidence of an underlying impairment which might reasonably produce the pain or other symptoms she alleges, the ALJ may reject the claimant's testimony about the severity of those symptoms only by providing specific, clear, and convincing reasons for doing so.'" *Lambert v. Saul*, 980 F.3d 1266, 1277 (9th Cir. 2020) (quoting *Brown-Hunter v. Colvin*, 806 F.3d 487, 488–89 (9th Cir. 2015)) (citations omitted). In pursuant of this, the ALJ must "'specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony.'" *Lambert*, 980 F.3d at 1277 (quoting *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted). However, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony. *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008).

  Plaintiff claims the ALJ did not articulate specific reasons for discounting Plaintiff's testimony. ECF No. 7 at 5. The Court must determine whether there the ALJ provided clear and specific reasons for discounting Plaintiff's testimony

ORDER OF REVERSAL AND REMAND~ 11

about the severity of his symptoms regarding vestibular issues.

The ALJ used a common statement asserting "claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 23.  Additionally, the ALJ continuously states that the lack of limitations or findings of the experts were inconsistent with claimant's history of vertigo and vestibular dysfunction "which are consistent with greater exertional, postural, and environmental limitations." Tr. 25.  In short, the ALJ rejected Plaintiff's testimony of symptoms relating specifically to vertigo and vestibular dysfunction alleging more severe limitations than what the expert's provided in their testimony.

As shown from the common statements, the ALJ did not provide specific issues of claimant's testimony that are inconsistent with the expert testimonies or objective evidence. Tr. 22-25.  While inconsistency is a valid reason for discrediting testimony, the portions that are inconsistent must still be provided. *Lambert*, 980 F.3d at 1277 (stating the ALJ must "'specifically identify the testimony [from a claimant] she or he finds not to be credible and ... explain what evidence undermines that testimony.'") (quoting *Treichler v. Comm'r of Soc. Sec.*

ORDER OF REVERSAL AND REMAND~ 12

*Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014)) (citations omitted).  Here, the ALJ only provided the general single statement that Plaintiff's testimony alleges more severe limitations.  Tr. 25.  The ALJ's reason was adequate, but the decision does not cite or mention the contradictory portions of the claimant's testimony and is therefore insufficient.  Defendant only identifies these portions in his brief.  ECF No. 9 at 3-7.

Similarly, the Ninth Circuit has found failures in describing clear and convincing reasons for using general statements or failing to provide specific testimony portions.  For example, the Ninth Circuit held that the reasons were not sufficient when the ALJ provided a single general comment or when the ALJ simply stated that the testimony was not credible and summarized the medical evidence.  *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1102–03 (9th Cir. 2014) (stating the ALJ use of a single general comment such as "'the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment'" is not sufficient); *Brown-Hunter v. Colvin*, 806 F.3d 487, 494 (9th Cir. 2015) (holding that the ALJ did not provide sufficient connections because the ALJ "did not specifically identify any such inconsistencies; she simply stated her non-credibility conclusion and then summarized the medical evidence supporting her RFC determination.").

ORDER OF REVERSAL AND REMAND~ 13

Additionally, the Court cannot clearly determine or decipher what portions of the testimony is unreliable from the ALJ's decision. *Lambert*, 980 F.3d at 1277 (9th Cir. 2020) (stating the ALJ's duty to provide clear and sufficient reasons is important for the Court's review of the basis of an administrative order, particularly where in the record that basis is exhibited).

While in Defendant's brief, he suggests specific portions that are at issue in Plaintiff's testimony, this does not resolve the issue in the ALJ's decision. ECF No. 9 at 3-7. As a result, the ALJ erred because the ALJ failed to effectively provide clear and convincing reasons for discounting Plaintiff's testimony.

**II.    The ALJ properly rejected the opinion of consultative examiner, Marc Schillios, A.R.N.P., with sufficient reasons about Plaintiff's need for a cane or other assistive device, however, the ALJ still needs to provide inconsistencies from claimant's testimony.**

Under 20 C.F.R. §§ 404.1520c and 416.920c, the ALJ's guidelines for how to consider and articulate medical opinions and prior administrative medical findings are laid out. With these regulations, the ALJ is not required to provide "'specific and legitimate reasons' for rejecting a treating or examining doctor's opinion." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citations omitted). However, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or

ORDER OF REVERSAL AND REMAND~ 14

1  inconsistent without providing an explanation supported by substantial evidence."

2  *Woods*, 32 F.4th at 792.

3      Plaintiff contends that the ALJ failed to provide an explanation with substantial

4  evidence about why Schillios's opinion was inconsistent. ECF No. 7 at 11.

5      As was previously discussed, the ALJ provided specific parts of Schillios's

6  testimony that was inconsistent but not the specifics of claimant's testimony. Tr.

7  26. In addition to portions of Schillios's opinion that was previously discussed,

8  Schillios alleged claimant used assistive devices preventatively but may need it if

9  having an acute vertigo attack. Tr. 25. The ALJ stated "the lack of limitation,

10  apart from the use of a cane as a precaution" is inconsistent with claimant's

11  history. Tr. 25. Otherwise, the ALJ provided that Schillios's opinion was

12  supported by direct examination of claimant. Tr. 25.

13      This shows that the ALJ provided the specific parts of Schillios's testimony that

14  are inconsistent. Tr. 25. Again, the ALJ is not required to state "specific and

15  legitimate reasons" for rejecting the opinion. *Woods v. Kijakazi*, 32 F.4th 785, 792

16  (9th Cir. 2022). The ALJ found the evidence to be inconsistent and unpersuasive,

17  and his explanation of the portions at issue is therefore sufficient. Tr. 26.

18  Accordingly, the ALJ did not fail to provide sufficient reasons for discounting

19  Schillios's testimony. However, identifying specific inconsistencies in claimant's

20  testimony should resolve any ambiguity.

ORDER OF REVERSAL AND REMAND~ 15

Upon remand, the ALJ shall provide clear and convincing reasons for discrediting claimant's testimony at step three.  This should include specific portions of the claimant's testimony that are inconsistent with the objective evidence.  Another administrative hearing should be held to conduct the sequential evaluation and issue a new decision.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Opening Brief (ECF No. 7) is **GRANTED in part.**

2. Pursuant to 42 U.S.C. § 405(g), this action is **REVERSED and REMANDED** to the Commissioner for further proceedings consistent with this Order.

The District Court Executive is directed to enter this Order, enter judgment, and furnish copies to counsel.

DATED October 28, 2025.



THOMAS O. RICE
United States District Judge

ORDER OF REVERSAL AND REMAND~ 16